

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:09-CR-82(1) |
| | § | |
| WILLIAM ROBERT HUDSON | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On June 23, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, William Robert Hudson, on **Count 1** of the charging **Information** filed in this cause. Count 1 of the Information charges that on or about January, 2004, to on or about July, 2007, in the Eastern District of Texas, and elsewhere, the Defendant, William Robert Hudson, having knowledge of the actual commission of a felony

1

cognizable by a Court of the United States, to-wit, mail fraud, relating to the purchase of supplies by and to the detriment of Newtron Heat Trace Group, in violation of Title 18, United States Code, Section 1341, and the Defendant William Robert Hudson did conceal the same and did not as soon as possible make known the same to some judge or other person in civil authority under the United States, in violation of Title 18, United States Code, Section 4.

Defendant, William Robert Hudson, entered a plea of guilty to Count 1 of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an

independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 4.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Information and that the events described in Information occurred in the Eastern District of Texas. The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits. Specifically, the parties stipulated that the Government would prove the following facts, through the following evidence:

From on or about January, 2004, to July, 2007, the Defendant had knowledge of the commission of the felony of mail fraud in violation of Title 18, United States Code, Section 1341, and failed to report said offense to a person in federal or civil authority. Specifically, the defendant was the owner of EHT Consulting and Fabrication, a company which consulted with and fabricated heat trace materials for use by industrial clients. Defendant Hudson was aware that he and a supervisor/employee of the Newtron Heat Trace Group (Newtron), Nederland, Texas, caused Newtron to pay for heat trace materials which had not been delivered or required by Newtron on particular industrial projects being constructed by Newtron or were overcharging

for any materials that were provided. A supervisor/employee of Newtron would advise Defendant Hudson to supply an invoice for heat trace materials as though such materials had been ordered and delivered to Newtron when in fact such materials had not been ordered or delivered, a fact known to Defendant Hudson. Office personnel would issue a check payable to EHT Consulting and Fabrication and mail the check to EHT Consulting and Fabrication at an address in Orange, Texas. Upon depositing the check Defendant Hudson would divide the proceeds with the supervisory/employee of Newtron. Defendant well knew that no services or materials were delivered but rather the checks were part of an embezzlement and kickback scheme. The parties stipulated that the defendant knew that he had knowledge of a felony and failed to report it to proper federal or civil authorities.

The Government also would present business records introduced by a custodian of records from Newtron, a corporation, which consists of checks, invoices and construction project work papers. The construction project work papers would reflect that certain jobs did not require any heat trace material or minimal materials but would reflect heat trace materials being charged to such projects to generate purchase orders by office personnel of Newtron. Invoices received by Newtron from EHT Consulting and Fabrication would reflect that heat trace materials had been delivered by the company. Testimony by office personnel of Newtron would establish that checks were issued by Newtron for payment to EHT Consulting and Fabrication for the invoices submitted and that the United States Postal service was used to mail such checks on many occasions. Testimony by an employee of Newtron would establish that a review of the construction job work papers and specifications revealed that such heat trace materials were

4

either not needed or used on various construction projects despite being charged to the job and this finding was reported to management. A vice-president of Newtron would testify that he confronted the project general manager of Newtron who initiated the purchase orders who admitted to a kickback/embezzlement scheme occurring from about 2004 to July, 2007. The work paper review and analysis of checks issued by Newtron reflect payments to the Defendant's company of approximately 65,174 from January, 2004 to July, 2007.

Bank records from Texas State Bank, Beaumont, Texas would show that twenty-five checks totaling $365,138 from Newtron were deposited to EHT Consulting and Fabrication from January, 2004 to July, 2007. The bank records reflect that the upon deposit of the checks there were large checks payable to cash generally made.

Defendant, William Robert Hudson, also agreed with the facts set forth by the Government and signed the *Factual Basis and Stipulation.* Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Information** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea

agreement.[1] Accordingly, it is further recommended that, Defendant, William Robert Hudson, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 4.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 23rd day of June, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE